IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEP X. HOANG, | ) |
| | ) |
| Plaintiff, | ) Case No.   08 CV 189 |
| | ) |
| v. | ) Judge Matthew F. Kennelly |
| | ) Magistrate Judge Ashman |
| ABBOTT LABORATORIES, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1)**

This action is the continuation of a four-year long litigation commenced in April 2003 by Plaintiff Diep Hoang ("Hoang") in the Northern District of Illinois in April 2003. *See Hoang v. Abbott Laboratories, et al.*, No. 03 CV 2910 (N.D. Ill.) (Guzman, J.) ("*Hoang I*"). Between April 2003 and September 2007, Hoang litigated *Hoang I* against Abbott Laboratories ("Abbott") and its employees for claims arising from her employment at Abbott. Having lost on summary judgment, Hoang filed the present action, attempting to relitigate the claims she lost in *Hoang I*. Hoang's second attempt to litigate her claims and drag the parties into another prolonged and costly suit is prohibited by *res judicata*.

Additionally, certain of Hoang's claims fail to state a claim upon which relief can be granted and further fail for lack of subject matter jurisdiction. Specifically, Hoang's allegation in the current action that "someone gave out" her ideas to third parties who then published them as their own in 1999 (Complaint, ¶ 7) is barred by the applicable statute of limitations and otherwise fails to state a claims for which relief can be granted. Lastly, Hoang's allegation that certain patents owned by Abbott are invalid (Complaint, ¶ 2) fails for lack of subject matter jurisdiction because Hoang has not alleged the existence of a substantial case or controversy

relating to the patents in question. Accordingly, Defendants respectfully requests that this Court dismiss the present Complaint in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. THE ALLEGATIONS AND LITIGATION IN HOANG'S PREVIOUS LITIGATION

#### 1. *The Complaint and Amended Complaints in Hoang I*

On April 20, 2003, Hoang filed the Complaint in *Hoang I*, a copy of which is attached as Exhibit A hereto.[1] Over the course of the litigation, the Court granted Hoang leave to amend her Complaint four additional times. *See* First, Second, Third and Fourth Amended Complaints in *Hoang I* attached hereto as Exhibits C-F respectively. In Hoang's Fourth Amended Complaint, she alleged counts of supervisory sexual harassment, sex discrimination, violation of the Americans with Disabilities Act ("ADA"), retaliation, violation of the Family Medical Leave Act ("FMLA"), and violation of the Illinois Personnel Records Review Act against Abbott. *See Hoang I* Fourth Amended Complaint, Counts I-V, VIII (Exhibit F). Hoang also asserted counts of unlawful restraint against Defendants Green, Wilson, and Acquasaliente and intentional infliction of emotional distress against all defendants. *See id.*, Counts VI-VII.

The litigation in *Hoang I* proceeded for four years and included motions to dismiss, four amended complaints, a lengthy discovery period, the depositions of ten witnesses, and a fully-briefed summary judgment motion that ultimately resulted in termination of the suit. In support of her claims, Hoang argued throughout the case that Abbott and its employees misappropriated her ideas and inventions, failed to credit Hoang for her work on various ideas

---

[1] In evaluating the *res judicata* effect of earlier litigation, the court may take judicial notice of pleadings, orders, and trial transcripts from previous litigation between the parties. *Arthur Anderson LLP v. Fed. Ins. Co.*, No. 06 C 1824, 2007 WL 844632, * 1 (N.D. Ill. March 16, 2007) (Slip copy); *Brown v. Chrysler Fin. Servs.*, No. 05 C 1117, 2006 WL 850881, *3 (N.D. Ill. March 24, 2006); *Person v. Hafnia Holdings, Inc.*, No. 90 C 991, 1991 WL 18421, *1 (N.D. Ill. Feb. 7, 1991). All unpublished Westlaw cases cited within are attached as Group Exhibit B attached hereto.

and inventions, and forced her to give up her ownership of various ideas and inventions. Specifically, Hoang raised the following allegations in her various amended complaints in *Hoang I*:

- Defendants Acquasaliente, Green, and Wilson "summoned plaintiff into [Acquasaliente's] office . . and interrogated plaintiff for approximately three hours concerning her ideas and inventions regarding certain chemical processes and told plaintiff that she could not leave the office until such time as she agreed to capitulate and 'give up' her ideas and inventions." *Hoang I* Second Amended Complaint, Ex. D. ¶¶ 24-25. *See also Hoang I* Third Amended Complaint, Ex. E at ¶¶ 36(f), 37(b), 39(i), 129, 121; *Hoang I* Fourth Amended Complaint, Ex. F at ¶¶ 92, 97, 98, 105, 111(g), 112(c).

- Defendant Wilson "demand[ed] Plaintiff report to Acquasaliente and divulge her proprietary inventions and ideas." *Hoang I* Fourth Amended Complaint, Ex. F at ¶ 18(g).

- Hoang received fewer shares of Abbott stock when she was awarded Scientist of the Year in 1998 than did Defendant Acquasaliente when he received the same award in 2001. *Hoang I* Third Amended Complaint, Ex. E.¶¶ 39, 50(f); *Hoang I* Fourth Amended Complaint, Ex. F at ¶¶ 23(f), 39(f).

- Hoang "was not allowed to work on her inventions and ideas." *Hoang* I Third Amended Complaint, Ex. E at ¶ 39(b); *Hoang I* Fourth Amended Complaint, Ex. F at ¶ 60(c).

Hoang continued to rely upon these facts throughout discovery in *Hoang I*, testifying that such facts supported her employment discrimination claims. Hoang testified at her deposition in *Hoang I* that Defendant Acquasaliente took her ideas relating to erythromycin, and that she gave a presentation on her ideas, which Acquasaliente allegedly stole and presented as his own. *See* Deposition of D. Hoang, excerpts of which attached hereto as Exhibit G (hereinafter "Hoang Dep."), at 59:20-64:20. Hoang further testified:

- that Acquasaliente won the Scientist of the Year award at Abbott based upon her inventions. *Id*. at 423:3-13;

- that Abbott forced her to divulge and assign over her proprietary inventions and ideas during her employment. *Id.* at 75:5-77:8; 79:17-23;

- that Defendants Green and Wilson wanted her to give up her ideas. *Id.* at 106:20-24;

- that Defendant Montgomery misappropriated her ideas. *Id*. at 109:6-110:4; 386:10-17; 389:1-14;

- in support of her discrimination claim, that Wilson and Acquasaliente stole and presented her ideas. *Id*. at 254:8-22;

- that Defendant Wilson forced her to give up her ideas and prohibited her from working on her ideas. *Id*. at 251:10-17;

- that Wilson and Montgomery stole her ideas. *Id*. at 265:20-266:4;

- in support of her retaliation claim, that Abbott and the *Hoang I* defendants wanted to take credit for her ideas and inventions. *Id*. at 278:5-23;

- in support of her discrimination claim, that Defendant Green forced her to give up all her ideas. *Id.* at 257:16-258:24;

- that Defendant Green wanted to take Hoang's 32 projects without crediting her for them. *Id*. at 280:6-19;

- that she complained to Abbott's human resources department that she could not work on her ideas, other people worked on her ideas, and she was not properly credited. *Id*. at 375-4-24;

- that she was concerned about receiving credit for her inventorship of a patent. *Id.* at 403:18-4;

- that she was not allowed to work on her ideas and inventions. *Id*. at 405:2-19.

Hoang also attempted to supplement the claims found in her various Amended Complaints in *Hoang I* with a motion entitled "Motion to Protect Diep Hoang's Discoveries and Inventions" on August 28, 2003, a copy of which is attached hereto as Exhibit H. In that motion, Hoang requested that the Court protect "any attempt to acquire her research ideas, data and results [that] could be blocked under intellectual property theories of unfair competition and trade secret protection." *Id* at 1. The Court denied the Motion by minute order dated March 4, 2004.

    2.    *Judge Guzman's Summary Judgment Order*

On September 28, 2007, Judge Guzman issued a Memorandum Opinion and Order on the Defendants' Motion for Summary Judgment. In his Order, Judge Guzman granted

summary judgment to the Defendants on Hoang's federal claims. *See Hoang I* 9/28/07 Memorandum Opinion and Order at 10-15, a copy of which is attached hereto as Exhibit I. Specifically, Judge Guzman determined that: (i) Hoang's Title VII sexual harassment claim was time-barred; (ii) the factual record did not support Hoang's sexual discrimination claims under Title VII; (iii) Hoang's accommodation and discharge claims under the ADA failed; and (iv) Hoang's retaliation claim under the ADA and Title VII failed because she failed to offer evidence that she complained about her disability discrimination or that her termination was causally related to her harassment complaint. Judge Guzman declined to exercise supplemental jurisdiction over Hoang's state law claims and dismissed them for want of jurisdiction. *Id*. at 15-16. On January 28, 2008, Hoang filed a Notice of Appeal of the 9/28/07 Memorandum Opinion and Order in *Hoang I* with the United States Court of Appeals for the Seventh Circuit. *See* Notice of Appeal, attached hereto as Exhibit J. That appeal is currently pending.

    B.    **HOANG II**

In *Hoang II*, Plaintiff relies on the same set of operative facts that were the basis of the claims which she lost on summary judgment in *Hoang I*. On January 9, 2008, Hoang filed the Complaint, entitled "Plaintiff's Inventions Complaint," against the Defendants in this action. The bulk of the allegations in the Complaint focus on the Defendants' alleged misappropriation of Hoang's inventions and ideas and failure to credit Hoang for those same inventions and ideas. Specifically, Hoang alleges that U.S. Patent No. 6,667,338 (the "'338 Patent") incorrectly lists certain Defendants "as the joint inventors because it claims Diep Hoang's ideas." Complaint, ¶ 1. Hoang further alleges that "[a]ll ideas and inventions of Diep Hoang should be patented and published due to Diep Hoang's reputational interest." Complaint, ¶ 3. In paragraphs 4-6 of the Complaint, Hoang alleges that her ideas and inventions were taken and presented by certain Defendants without crediting Hoang. Complaint, ¶¶ 4-6. Paragraph 5 specifically alleges that

Defendant Acquasaliente had worked on Hoang's erythromycin crystal forms and won Scientist of the Year Award with stock awarded. Complaint, ¶ 5.

In paragraph 7 of the Complaint, Hoang alleges that unidentified persons "gave out Diep Hoang's ideas using phosphates/phosphates as protecting groups to Theodora W. Greene and Peter G.M. Wuts." Complaint, ¶ 7. In paragraphs 8 and 9, Hoang alleges that during her employment with Abbott, Defendant Montgomery prohibited Plaintiff from working on her ideas and inventions, which should be patented and published due to her reputational interest. *Id*., ¶ 8. And, in paragraph 9, Hoang alleges that during her employment with Abbott, Defendants Green, Wilson, and Acquasaliente "imprisoned plaintiff in Maurizio Acquasaliente's office three times and forced plaintiff to give up all of plaintiff's ideas and inventions while prohibiting plaintiff from working on plaintiff's inventions." *Id*., ¶ 9.

In a separate allegation, Hoang alleges that the inventions shown in U.S. Patents Nos. 6,608,198 and 6,864,369, were "clearly obvious"  Complaint, ¶ 2.

## II.  ARGUMENT

### A.  *RES JUDICATA* BARS PLAINTIFF FROM RAISING THE ALLEGATIONS IN PARAGRAPHS 1, 3-9 OF THE COMPLAINT.

Having lost on summary judgment in *Hoang I*, Plaintiff now attempts to revive those very same grievances here before this Court. Despite her attempts to recharacterize her allegations into new causes of action, the doctrine of *res judicata* clearly prevents Hoang from relitigating the issues found in paragraphs 1, and 3-9 and subjecting the Defendants to another round of lengthy and costly litigation. *Res judicata* is designed to ensure the finality of judicial decisions. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Cole v. Bd. of*

*Trustees of the Univ. of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007); *Car Carriers*, 789 F.2d at 593 (accord). Thus, *res judicata* extends to *all* grounds for recovery that might have been presented in prior litigation if based on the same set of operative facts. *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002).

The doctrine of *res judicata* requires: (1) a final judgment on the merits in an earlier suit; (2) the same parties in both suits; and (3) an identity of the causes of action in both suits. *Central States, Southeast and Southwest Areas Pension Fund v.* Hunt Truck Lines, 296 F.3d 624, 628 (7th Cir. 2002); *Waivio v. Bd. of Trustees Univ. of Illinois at Chicago*, No. 06 C 7189, 2007 WL 3087197 (N.D. Ill. Oct. 18, 2007) (pro se plaintiff's claims barred by doctrine of *res judicata*). Here, the issues raised in Hoang's Complaint meet the requirements of *res judicata*, and must, therefore, be dismissed.

1.  *There Was A Final Judgment On The Merits In Hoang I.*

Judge Guzman's entry of summary judgment in *Hoang I* constitutes a final judgment on the merits, barring the present litigation. *See Luis v. Baxter Healthcare Corp.*, No. 96 C 8157, 1997 WL 769347, * 2 (N.D. Ill. Dec. 5, 1997) (entry of summary judgment is final judgment under *res judicata*); *Hill v. Potter*, 352 F.3d 1142, 1144-45 (7th Cir. 2003) (test for finality of judgment is whether the district court has finished with the case). Hoang's Notice of Appeal of the judgment in *Hoang I*, filed on January 28, 2008, does not suspend the operation of *res judicata. Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 500 F. Supp. 2d 864, 868 (N.D. Ill. 2007). A pending appeal does not prevent the application of *res judicata* because the earlier litigation is considered final as soon as the district court has finished with the case. *Hill*, 352 F.3d at 1144-45; *Luis*, 1997 WL 769347 at * 2 (a final judgment retains all of its *res judicata* consequences pending decision of the appeal).

### 2. There Is An Identity Of Parties In Both Suits.

There is an identity of parties or individuals in privity with such parties in *Hoang I* and *Hoang II*. The plaintiff in both actions is identical. The defendants in both actions are also identical for purposes of the doctrine of *res judicata*. In *Hoang I*, the defendants were Abbott and current or former employees of Abbott. In *Hoang II*, five of the Defendants were specifically named as defendants in *Hoang I* (Abbott, Montgomery, Green, Wilson, and Acquasaliente). The remaining current Defendants (Ma, Phan, Zhang, Djuric, Or, and Chemburkar) are also former or current employees of Defendant Abbott. Employees of a defendant in a prior suit are considered to be in privity with the defendant for the purposes of applying *res judicata*, satisfying the "identity of parties" requirement. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986) (*res judicata* bars federal claims against directors, officers, employees, and attorneys of bank even though the bank was the only actual party to the prior proceedings); *Janusz v. Fasco Indus.*, No. 97 C 7976, 1999 WL 162793, *5 (N.D. Ill. Mar. 12, 1999) (same); *Zahran v. Frankenmuth Mut. Ins. Co.*, No. 94 C 4827, 1996 WL 182563, *3 (N.D. Ill. Apr. 15, 1996) (same). Accordingly, because Hoang asserts claims against Abbott, a defendant in *Hoang I*, and its current or former employees, all of the Defendants in *Hoang II* are identical to or in privity with the defendants in *Hoang I*.

### 3. There Is An Identity Of The Causes Of Action In Both Suits.

There is an identity of causes of action in both *Hoang I* and *Hoang II* because the disputes described in paragraphs 1, and 3-9 of the present Complaint arise from the same set of operative facts underlying the claims in Hoang I. *Cole*, 497 F.3d at 772-73 (identity of causes of action exists if a claim "emerges from the same core of operative facts as that earlier action"). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same

incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Id*. at 773; *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).

To determine whether there is an identity of the causes of action in both suits, the Seventh Circuit has adopted the "same transaction" test, which focuses on the facts alleged, not the legal theories contained in a Complaint. *Car Carriers*, 789 F.2d at 593 (adopting "same transaction" test in finding an identity of claims and rejecting the "right-duty" approach). Under this test:

> [o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. Thus, 'a mere change in the legal theory does not create a new cause of action.' Therefore, prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation.

*Id*. Under the Seventh Circuit's "same transaction" test, this Court must find that there is an identity of causes of action in *Hoang I* and *Hoang II*.

The disputes described in paragraphs 1 and 3-9 of Hoang's current Complaint arise under the same operative facts as those litigated in *Hoang I*. In both complaints, the nucleus of the factual allegations is Hoang's employment at Abbott, the work and research she performed at Abbott, and Defendants' various attempts to steal, suppress, or misappropriate her work, ideas, research, and inventions. Hoang alleges in the current Complaint that (i) the '338 Patent, (ii) her ideas on a project known as "ABT-773," (iii) her inventions regarding "Erythromycin 9-oxime crystal forms," and (iv) her ideas on using phosphates/phosphates as "protecting groups" were stolen from her, or that she was not properly credited for such work. *Hoang II* Complaint, ¶¶ 1, 4-7. Hoang alleges that all of the foregoing ideas and inventions, developed during her employment at Abbott, should be patented and published due to her reputational interest. *Id*., ¶ 3. Hoang also alleges that Defendant Montgomery prohibited her from working on her ideas and inventions. *Id*., ¶ 8. Finally, Hoang alleges that Defendants

Green, Wilson, and Acquasaliente imprisoned her three times and forced her to give up her ideas and inventions. *Id*., ¶ 9.

As discussed above, Hoang previously raised all of the foregoing facts and issues in support of the claims that were adjudicated by the Court in *Hoang I*. *See supra*, pp. 3-5. Hoang also testified that these very same facts supported her employment discrimination and retaliation claims. *Supra*, pp. 4-5. Moreover, she drew these disputes specifically to the Court's attention in her "Motion to Protect Diep Hoang's Discoveries and Inventions". Ultimately, the Court entered summary judgment against Hoang, and recited many of the facts that now appear in the Complaint in *Hoang II* in its Order. See Ex. I at pp. 4-5.

During *Hoang I*, Plaintiff was well aware of the claims she now alleges in *Hoang II*. The same operative facts in *Hoang I* gave rise to the claims now asserted in ¶¶ 1 and 3 through 9 of the present Complaint. Accordingly, the doctrine of *res judicata* requires that she should have raised them in her prior litigation or be barred from raising them now. *Licari*, 298 F.3d at 667 (*res judicata* extends to *all* grounds for recovery that might have been presented in prior litigation if based on the same set of operative facts).

Moreover, Plaintiff cannot escape the doctrine of *res judicata* by disguising the same allegations under different theories of recovery. Even where a plaintiff presents different legal theories and the legal elements of the claims in the later litigation are different, there is an identity of claims as long as the claims arise from the same set of factual issues. *See Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (while legal elements of each claim may differ, there is identity of claims where the central factual issues surrounding plaintiff's employment and defendant's employment actions were identical); *Car Carriers*, 789 F.2d at 593 (a mere change in the legal theory does not create a new cause of action). Thus, "[w]hether all of the facts of one particular claim are relevant to another claim is not a fact

considered when determining whether a later-brought claim is barred by *res judicata*. Rather, [a] claim has identity with a previously litigated matter if it emerges from the same core of operative facts as the earlier action." *Cole*, 497 F.3d at 774.

Furthermore, Plaintiff cannot escape the doctrine of *res judicata* by virtue of Judge Guzman's decision not to exercise supplemental jurisdiction over Hoang's state law claims in *Hoang I*. *Res judicata* still applies because the state law claims asserted by Hoang in her present complaint are based on the same operative facts underlying the dismissed federal claims in *Hoang I*. *See Davis v. Rodriguez*, No. 95 C. 4584, 1995 WL 758333, *5-6 (N.D. Ill. Dec. 19, 1995) (the fact that the previous district judge declined to exercise jurisdiction over certain state law claims does not preclude *res judicata*). Indeed, in Plaintiff's Third Amended Complaint in *Hoang I*, she alleged a federal claim of sexual harassment based on the facts that Defendants Green, Wilson, and Acquasaliente unlawfully restrained her and forced her to divulge her ideas and inventions. *See Hoang I* Third Amended Complaint at Count II. Those very same operative facts underlie Plaintiff's allegations in paragraph 9 of the present Complaint and should not be reopened in the face of *res judicata*.

Accordingly, because the operative facts in *Hoang I* also gave rise to the issues now raised in paragraphs 1, and 3-9 of the Complaint in *Hoang II*, the doctrine of *res judicata* bars Hoang from again raising the issues set forth in those paragraphs under Rule 12(b)(6).

### B. PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD FURTHER BE DISMISSED UNDER RULE 12(b)(6).

In addition to the *res judicata* bar described above, Plaintiff's unjust enrichment claim suggested in paragraph 7 of her Complaint also should be dismissed because (i) it is time-barred; and (ii) it fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).

Under Illinois law, the statute of limitations for an unjust enrichment claim is five years. 735 ILCS 5/13-205; *Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 648 N.E.2d 1060 (1st Dist. 1995). Hoang alleges that her ideas regarding the use of phosphates/phosphates as protecting groups were improperly taken from her and published in a 1999 book entitled *Protective Groups in Organic Synthesis* by Theodora W. Greene and Peter G. M. Wuts. *Hoang II* Complaint, ¶ 7. Thus, Plaintiff's allegations relate to events that occurred in 1999 or earlier – approximately nine years prior to the filing of this Complaint. Accordingly, Plaintiff's unjust enrichment claim is time-barred as she has exceeded the five-year statutory period.

Second, Hoang also fails to state a claim of unjust enrichment upon which relief may be granted. Specifically, she fails to identify any specific person or persons who purportedly stole her ideas, alleging only that "*Someone* gave out Diep Hoang's ideas using phosphates/phosphates as protecting groups…."). *See Hoang II* Complaint, ¶ 7 (emphasis added). Although courts must construe *pro se* pleadings liberally, *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998), a complaint must give the defendant fair notice of the nature of the action. Even under liberal pleading standards, a complaint may be dismissed if it fails to include the operative facts upon which the claims are based. *See Kyle v. Morton High School,* 144 F.3d 448, 456-57 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). In paragraph 7 of her Complaint, Plaintiff fails to allege which person or persons purportedly "gave out" her ideas, or even if such alleged person is one of the Defendants. Accordingly, Hoang fails to state a claim of unjust enrichment in paragraph 7, and it should be dismissed under Rule 12(b)(6).

### C. PLAINTIFF'S PATENT INVALIDITY CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In paragraph 2 of the Complaint, Hoang alleges that the inventions shown in two patents owned by Abbott are "obvious". Presumably, Hoang seeks a determination that U.S. Patents Nos. 6,608,198 and 6,864,369 are invalid. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007) (determining the invalidity of a patent based on obviousness grounds). However, this claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Hoang has not pleaded the existence of a justiciable case or controversy. In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must "presume that federal courts lack jurisdiction 'unless the contrary appears affirmatively from the record.'" *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Renne v. Geary*, 501 U.S. 312, 316 (1991). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945-46 (7th Cir. 2003). In this case, Hoang has pleaded no facts whatsoever that would support subject matter jurisdiction with respect to her allegations of patent invalidity.

A party seeking to invalidate a patent in federal court may do so either as a defense to an infringement claim, *see* 35 U.S.C. § 282, or in a declaratory judgment action, *Walker Process Equip., Inc. v. Food Machinery and Chem. Corp.*, 382 U.S. 172, 176 (1965) (validity of a patent may be tested under the Declaratory Judgment Act); *Chicago Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.2d 518, 520 (7th Cir. 1941) (prior to passage of the Declaratory Judgment Act, no one had a right under patent law to initiate an affirmative suit to invalidate another's patent). Hoang, however, fails to establish jurisdiction under the Declaratory Judgment Act because she fails to plead "that there is a substantial controversy, between the parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance

of a declaratory judgment." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007). *See MedImmune, Inc. v. Genentech., Inc.*, 549 U.S. 118, 127 S.Ct. 764, 771 (2007). The Federal Circuit has held that *only* "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise," and the party may seek a declaratory judgment of its legal rights. *Benitec*, 495 F.3d at 1344 (citation omitted). Thus, an actual controversy exists only if the declaratory judgment defendant has asserted a cause of action against the declaratory judgment plaintiff for patent infringement. *Id*.

Hoang has not and cannot plead that a case or controversy exists supporting this Court's jurisdiction. Hoang has not alleged that she is currently conducting any activity that would place her at risk of an infringement suit filed by Abbott on any patent. *Id*. at 1345 (no jurisdiction exists where there is no present or intended activity to make any infringing product). Furthermore, Hoang fails to plead that Abbott has communicated to her, *via* a cease or desist letter or otherwise, that Abbott believes any activity in which she currently engages constitutes infringement of any patent. Accordingly, Hoang fails to establish that a case or controversy of "sufficient immediacy and reality" exists to warrant the issuance of a declaratory judgment. *Id*. at 1343. Her challenge to the validity of U.S. Patents Nos. 6,608,198 and 6,864,369 in paragraph 2 must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *Black & Decker,* 371 F. Supp. 2d at 970 (no subject matter jurisdiction where parties failed to establish a case or controversy with respect to patent validity).

### III.  CONCLUSION

For all the foregoing reasons, Defendants Abbott Laboratories, Green, Wilson, Acquasaliente, Montgomery, Ma, Phan, Zhang, Djuric, and Chemburkar respectfully request that this Court grant Defendants' Motion to Dismiss in its entirety.

DATED: April 23, 2008

                              Respectfully submitted,

                              ABBOTT LABORATORIES, KATHERINE GREEN, KENNETH A. WILSON, MAURIZIO ACQUASALIENTE, STEPHEN MONTGOMERY, ZHENKUN MA, LY TAM PHAN, SUOMING ZHANG, STEVAN W. DJURIC, AND SANJAY CHEMBURKAR

                              By:   /s/ Ann H. Chen
                                  One of Their Attorneys

Oscar L. Alcantara
David E. Morrison
Ann H. Chen
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on April 23, 2008, a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1)** was caused to be served by U.S. regular mail and electronic mail to:

>Diep X. Hoang
>2454 W. Gunnison St.
>Chicago, IL  60625
>dxh_07@yahoo.com


>   /s/ Ann H. Chen
>Ann H. Chen