## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIEP X. HOANG, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 08 CV 189** |
| | ) | |
| v. | ) | **Judge Matthew F. Kennelly** |
| | ) | **Magistrate Judge Ashman** |
| ABBOTT LABORATORIES, | ) | |
| KATHERINE GREEN, KENNETH A. | ) | |
| WILSON, MAURIZIO | ) | |
| ACQUASALIENTE, STEPHEN | ) | |
| MONTGOMERY, ZHENKUN MA, LY | ) | |
| TAM PHAN, SUOMING ZHANG, | ) | |
| STEVAN W. DJURIC, YAT SUN OR, | ) | |
| and SANJAY CHEMBURKAR, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

On April 30, 2008, this court converted Defendant Abbott Laboratories ("Abbott"), Katherine Green, Kenneth A. Wilson, Maurizio Acquasaliente, Stephen Montgomery, Zhenkun Ma, Ly Tam Phan, Suoming Zhang, Stevan W. Djuric, Yat Sun Or, and Sanjay Chemburkar's (collectively "Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) into a Motion for Summary Judgment ("Motion for Summary Judgment"). Plaintiff Diep Hoang ("Plaintiff") filed her Response to Motion for Summary Judgment ("Response") on May 30, 2008.

Plaintiff's Response fails to remedy the flaws identified in Defendants' original Motion for Summary Judgment regarding Plaintiff's claims under the Patent Act, 35 U.S.C. § 1 *et seq.*, and her state law claims of breach of employment contract and unjust enrichment. Plaintiff's Response fails to rebut any of the legal authority cited in Defendants'

Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (the "Memorandum"), and fails to address the majority of legal arguments articulated in Abbott's Motion for Summary Judgment and supporting Memorandum. As argued in its Memorandum, the claims alleged in Paragraphs 1, 3-9 of Plaintiff's Complaint are barred by *res judicata*, Plaintiff's claim for unjust enrichment (Complaint, ¶ 7) is barred by the applicable statute of limitations and fails to state a claim upon which relief can be granted, and Plaintiff's claim that certain patents owned by Abbott are invalid fails for lack of subject matter jurisdiction. For these reasons, Defendants' Motion for Summary Judgment must be granted.[1]

## I.   *Res Judicata* Bars Plaintiff's Claims in Paragraphs 1, 3-9 of the Complaint.

Plaintiff has failed to rebut the argument articulated in Defendants' Motion for Summary Judgment and supporting Memorandum that the doctrine of *res judicata* clearly prevents Plaintiff from relitigating the issues raised in Paragraphs 1, 3-9 of her Complaint. First, Plaintiff fails to deny that the allegations in her Complaint arise from the same set of operative facts as the allegations in *Hoang I*. Moreover, Plaintiff's arguments that her appointed counsel could not practice patent law and that her appointed counsel had a conflict of interest with Abbott, do not remedy the defects in her Complaint, and principles of *res judicata* still bar Plaintiff's claim.

---

[1] Defendants do not waive their right to conduct discovery with respect to the efforts of Plaintiff's counsel in *Hoang I*. Defendants believe that this case solely presents a legal issue that should be decided on the grounds that Plaintiff's claims are barred by *res judicata* and there is no exception to *res judicata* to save her claims. However, should this Court decide that there is a genuine issue of material fact as to the representation by Plaintiff's former counsel in *Hoang I*, then Defendants will assert the right to seek discovery as to that issue. In that case, Defendants will also request that this Court limit discovery to the issue of Plaintiff's representation in *Hoang I* before granting unnecessary and expensive discovery into all of the claims presented by the Amended Complaint.

### A.    Plaintiff's Claims Arise from the Same Set of Operative Facts as *Hoang I*

As argued in the Memorandum, Plaintiff's claims in Paragraphs 1, 3-9 arise from the same set of operative facts as those alleged in *Hoang I*. According to the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or <u>could</u> have been raised in that action." <u>See, e.g.</u>, <u>Cole v. Bd. of Trustees of the Univ. of Illinois</u>, 497 F.3d 770, 772-73 (7th Cir. 2007) (there is an identity of causes of action if the claim "emerges from the same core of operative facts as that earlier action"). Plaintiff has failed entirely to respond to this argument. In fact, in her own Response, Plaintiff admits, "This inventions complaint <u>is a continuation of case No. 03 C 2910</u> in which plaintiff initiated a 'Motion to Protect Diep Hoang's Discoveries and Inventions' filed in April 2003." <u>See</u> Response, ¶ 5 (emphasis added). Because Plaintiff's claims in this care are a mere continuation of the claims initiated in her Motion to Protect Diep Hoang's Discoveries and Inventions in *Hoang I*, the claims undeniably arise from the same set of operative facts and are barred by the doctrine of *res judicata*.

It should be noted that even if Plaintiff had never brought her "Motion to Protect Diep Hoang's Discoveries and Inventions", the present claims would still be barred by the doctrine of *res judicata*. As explained in Defendants' moving Memorandum, all of the facts that Plaintiff currently alleges in support of her present Amended Complaint were adduced by Plaintiff several years ago in support of her claims under federal employment law: her sexual harassment claim in Count I; her sex discrimination claim in Count II; her ADA claim in Count III; and her retaliation claims in Count IV. The District Court entered summary judgment against Plaintiff on all such claims. Irrespective of the fact that Plaintiff

additionally brought her failed "Motion to Protect Diep Hoang's Discoveries and Inventions", the District Court's earlier entry of judgment on Counts I-IV of *Hoang I* bar the present Amended Complaint.

**B.    Plaintiff Cites No Exception to the Doctrine of *Res Judicata* that Permits Her to Bring Claims Arising from the Same Transaction as *Hoang I***

In her Response, it appears that Plaintiff seeks to argue that she was unable to raise the claims asserted in her current Complaint in *Hoang I* because (i) her appointed counsel from *Hoang I* did not practice patent law, and (ii) one of her appointed counsel from *Hoang I* had a conflict of interest based on ownership of Abbott stock and could not represent her. See Response, ¶ 1-4. Plaintiff's claims in Paragraphs 1, 3-9, however, should be dismissed because the circumstances that resulted in Plaintiff's failure to re-file her Motion to Protect Diep Hoang's Discoveries and Inventions in *Hoang I* are irrelevant to the application of the doctrine of *res judicata* in this case. Plaintiff has articulated no exception to *res judicata* that would allow her to bring a second claim arising from the same set of operative facts asserted in *Hoang I*, nor has Plaintiff alleged facts sufficient to establish her inability to re-file her motion in *Hoang I.*

Plaintiff originally filed her Motion to Protect Diep Hoang's Discoveries and Inventions on August 22, 2003. See Ex. H to Motion for Summary Judgment. Seven months later, Judge Plunkett's March 4, 2004 order denied Plaintiff's pro se motion "without prejudice to reassert, if appropriate, by plaintiff's counsel after the second amended complaint is filed." See Docket Entry dated March 4, 2005, attached hereto as Ex. A. The case proceeded through February of 2008, and Plaintiff was appointed a series of counsel throughout the case, who were responsible for filing several amended complaints on her

behalf.[2] Still, Plaintiff failed to re-file her motion. Plaintiff now seeks to lay the blame for her failure to re-file this motion on her appointed counsel. These allegations, however, do not save her claims from being barred by *res judicata*.

Seventh Circuit law holds that a party is responsible for the actions of her counsel, and if such counsel failed to take appropriate action, the party's remedy is a malpractice action against counsel, and not relitigation of the claims. As a civil litigant, Plaintiff "enjoys no constitutional or statutory right to counsel, or to effective counsel." Stroe v. Immigration & Naturalization Servs., 256 F.3d 498, 500 (7th Cir. 2001) (emphasis added). See also Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997) ("an indigent civil litigant in federal court has no right to the appointment of counsel"). Indeed, Plaintiff is responsible for the actions of her counsel. See Tolliver v. Northrop Corp., 786 F.2d 316 (7th Cir. 1986) ("A litigant is bound by [her] lawyer's acts."). Thus, whether or not Plaintiff's appointed counsel filed or did not file the claims Plaintiff wanted to pursue, or even possessed the substantive-law experience to advise Plaintiff on such claims have no bearing on the present Motion for Summary Judgment. In fact, neither the Local Rules of the Northern District of Illinois nor Seventh Circuit case law require that a court-appointed attorney be an expert in the area of law in which an indigent litigant seeks to bring a claim.[3]

---

[2] Gregory N. Kazarian, Pendersen & Houpt, P.C. (appointed 7/17/2003, terminated 9/5/2003); David Alan Boonstra, Attorney at Law (appointed 9/5/2003, terminated 2/11/2004); Richard P. Tauras, Bollinger, Ruberry and Garvey (appointed 2/11/2004, terminated 1/6/2005); Julie Ann Piotrowski-Govreau, Chuhac & Tecson, P.C. (assigned 3/11/2005, filed motion to withdraw 5/9/2006); Renee L. Koehler, Koehler & Passarelli LLC (appointed 4/18/2006, terminated 7/13/2007); Jessica Lynn Lindsted, Andrews Koehlek & Passerelli, PC (appointed 4/23/2007, terminated 7/13/2007); Gregory Harvey Andrews, Dykema Gossett PLLC (appointed 1/14/2005, terminated 8/30/2007).

[3] Local Rule 83.37, Duties & Responsibilities of Appointed Counsel, provides as follows: "Upon receiving notice of the appointment, counsel shall forthwith file an appearance in accordance with LR 83.13 in the action to which counsel is appointed. Promptly following the filing of an appearance, counsel shall communicate with the newly-represented party concerning the action or appeal. In addition to a full discussion of the merits of the dispute, counsel shall explore with the party any possibilities of resolving the dispute in other forums, including but not limited to administrative forums. If after consultation with counsel the party decides to prosecute or defend the

Rather than bringing a second suit against Abbott, as a civil litigant Plaintiff's only remedy "for the alleged errors of [her] court-appointed counsel is a malpractice action." Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir. 1984) (citing Ferri v. Ackerman, 444 U.S. 193 (1979)); Bell v. Eastman Kodak Co., 214 F.3d 798, 801-02 (7th Cir. 2000) ("[I]neffective assistance of counsel....is not a basis for collateral attack on a civil [judgment]. The exclusive remedy for legal malpractice in a civil case...is a suit for malpractice or for breach of fiduciary duty."). As explained in Pierce v. Davis, 2008 U.S. Dist. LEXIS 37245, *4-5 (E.D. Wis. May 6, 2008), if a "plaintiff is unhappy with the legal advice [s]he received in the state proceedings, [s]he should have sought a second opinion, filed an appeal, or filed a malpractice action against [her] attorney," rather than filing a second suit (dismissing a suit on *res judicata* grounds that employed new legal arguments to characterize facts that arose from the same transaction as the claims alleged in a previously decided state court case). While Plaintiff did file an appeal in *Hoang I*, see Notice of Appeal, Ex. J to Motion for Summary Judgment, it is noteworthy that she did not raise the arguments she now raises in *Hoang II regarding the ineffectiveness of her earlier counsel.* With no legal basis for filing a repetitive case against Abbott in federal district court, Plaintiff is wasting the time and resources of this Court and the parties to the action. See e.g., United States v. 7108 W. Grand Avenue, 15 F.3d 632, 633 (7th Cir. 1994) ("Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but not justify prolonging litigation against the original adversary.").

---

action or appeal, counsel shall proceed to represent the party in the action or appeal unless or until the attorney-client relationship is terminated as provided by these rules."

Thus, notwithstanding Plaintiff's arguments that her former appointed counsel could not practice patent law, Seventh Circuit law is clear that claims that <u>could have</u> been litigated in the first suit should have been brought during that suit. See, e.g., Cole, 497 F.3d at 772 (7th Cir. 2007) (according to the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or <u>could have</u> been raised in that action" (citations omitted) (emphasis added)). Plaintiff had ample time (5 years) to refile her claims in *Hoang I*, and failed to do so. Moreover, the patent experience of her multiple court-appointed counsel has no bearing on her claim, as Plaintiff had no legal right to effective counsel in the civil suit she initiated against Abbott. She now seeks to raise the same issues in a new suit at the expense of the Court and the Defendants, when she could have raised those claims in *Hoang I*. Thus, Plaintiff's claims are barred by *res judicata*.

## II.    Plaintiff's Unjust Enrichment Claim Should be Dismissed

Plaintiff's unjust enrichment claim contained in Paragraph 7 of her Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed entirely to rebut or even respond to the arguments raised in Abbott's Motion for Summary Judgment and supporting Memorandum that Plaintiff's claim is both time-barred and fails to state a claim upon which relief may be granted. Because Plaintiff has failed to respond to these arguments, Abbott will rest its position on the arguments made in its Motion to Dismiss and supporting Memorandum. For the reasons stated therein, Plaintiff's claim for unjust enrichment must be dismissed.

### III.     Plaintiff's Patent Claims Should be Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff's assertion that the inventions contained in two patents owned by Abbott are "obvious" in Paragraph 2 of her Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).   As argued in Abbott's Motion for Summary Judgment and supporting Memorandum, it appears Plaintiff seeks a determination that the two patents referenced in her Complaint, Patents Nos. 6,608,198 and 6,864,396, are invalid.  As argued in Abbott's supporting Memorandum, this claim should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to plead the existence of a justiciable case or controversy.   Again, because Plaintiff has failed entirely to respond to Abbott's legal arguments or the supporting case law cited in its Motion for Summary Judgment and supporting Memorandum, Abbott will again rest its position on the arguments made therein. For those reasons, Plaintiff's patent claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### IV.     Plaintiff's Argument that the Claims Raised in Her Complaint Fall within the Five Year Statute of Limitations Does Nothing to Save Her Otherwise Flawed Claims.

Plaintiff's claim that *Hoang II* falls within the five-year statute of limitations under Illinois law does nothing to save her otherwise flawed claims.   Whether Plaintiff's claims are subject to a five year statute of limitations under Illinois law is irrelevant because, as argued above in Part I and in Abbott's Motion for Summary Judgment and supporting Memorandum, Plaintiff's claims are barred by *res judicata*.   When *res judicata* operates to bar a plaintiff's claims, the applicable limitations period cannot be employed to save those claims. See, e.g., Groesch v. City of Springfield, 2007 U.S. Dist. LEXIS 50009, *11 (C.D.

Ill. July 11, 2007) ("Even though [plaintiff's] claims were filed within the applicable limitations period, they are barred by res judicata."). Thus, the applicable statute of limitations cannot be employed by Plaintiff to save her claims, and Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above and in their initial Motion for Summary Judgment and supporting Memorandum, Defendants request that this Court grant Defendants' Motion for Summary Judgment with prejudice.

DATED: June 30, 2008

Respectfully submitted,

ABBOTT LABORATORIES, KATHERINE
GREEN, KENNETH A. WILSON, MAURIZIO
ACQUASALIENTE, STEPHEN MONTGOMERY,
ZHENKUN MA, LY TAM PHAN, SUOMING
ZHANG, STEVAN W. DJURIC, YAT SUN OR
AND SANJAY CHEMBURKAR

By: /s/ David E. Morrison
    One of Their Attorneys

Oscar L. Alcantara
David E. Morrison
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

# Exhibit A

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2910 | DATE | 3/4/2004 |
| CASE TITLE | Hoang vs. Abbott Laboratories, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff's pro se motion to subpoena (21-1) and motion to protect Diep Hoang's discoveries and inventions (20-1) are denied without prejudice to reassert, if appropriate, by plaintiff's counsel after the second amended complaint is filed.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 0 5 2004 | 35 |
| ✓ | Docketing to mail notices. | | GMA docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CW | courtroom deputy's initials | | | |

Date/time received in central Clerk's Office    mailing deputy initials

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 30, 2008, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was caused to be served by U.S. regular mail and electronic mail to:

Diep X. Hoang
2454 W. Gunnison St.
Chicago, IL  60625
dxh_07@yahoo.com


/s/ David E. Morrison