IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEP X. HOANG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08 C 189 |
| ABBOTT LABORATORIES, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Diep X. Hoang, representing herself *pro se*, has filed a lawsuit against Abbott Laboratories and a number of current and former employees at Abbott. Defendants moved to dismiss all of Hoang's claims. The Court converted defendants' motion to a motion for summary judgment. For the reasons set forth below, the Court grants summary judgment in defendants' favor on Hoang's breach of contract and unjust enrichment claims but declines to grant summary judgment on her patent-related claims. Instead, the Court orders Hoang to file a supplement to her amended complaint, as detailed below.

## Facts

Because defendants have moved for summary judgment, the Court views the facts in the light most favorable to Hoang and draws reasonable inferences in her favor. *See, e.g.*, *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th

1

Cir. 2008).

Hoang was employed as a scientist at Abbott from 1993 until January 2002. After her termination, Hoang sued Abbott and a number of its employees, claiming (over the course of five complaints) sexual harassment, gender discrimination, disability discrimination, retaliation, Family Medical Leave Act violations, unlawful restraint, and intentional infliction of emotional distress. That suit was titled *Hoang v. Abbott Laboratories, et al.*, No. 03 C 2910 (N.D. Ill.) ("*Hoang I*"). On September 28, 2007, Judge Guzman entered summary judgment in the defendants' favor on all claims in *Hoang I*. Hoang filed a notice of appeal to the Seventh Circuit on January 25, 2008. That appeal is currently pending.

Later in 2008, Hoang filed this case ("*Hoang II*"). Because Hoang is a *pro se* litigant, her claims are somewhat difficult to discern. Her claims appear to fall into three categories: (1) breach of employment contract (¶¶ 7-8); (2) unjust enrichment (¶¶ 3-6); and (3) patent-related claims (¶¶ 1-2, 10). Except for the patent-related claims asserted in paragraph 2, defendants argue that all of Hoang's claims are barred by the doctrine of claim preclusion.

**Discussion**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, the Court must view the record in the light most favorable

2

to the nonmoving party and draw reasonable inferences in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

Hoang's claims for breach of an employment contract are based on her contentions that a supervisor improperly gave her a bad review and that three Abbott employees detained her in an office. Hoang says that these acts prevented her from performing her employment contract responsibilities of "inventing" and working on her ideas. Defendants argue that these claims could have been raised in *Hoang I* and are barred by the doctrine of *res judicata*, also known as claim preclusion.

Under the doctrine of claim preclusion, if a plaintiff could have raised claims in a prior suit that was decided on the merits, she cannot raise those claims in a later suit. *E.g.*, *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). In other words, if Hoang could have raised a claim in her first lawsuit but did not, she cannot raise it in this lawsuit. To succeed on their claim preclusion defense, defendants must prove (1) the existence of a final judgment on the merits by a court with proper jurisdiction; (2) identity of causes of action; and (3) identity of the parties bound by the prior judgment. *Id.*

The undisputed evidence demonstrates that the breach of employment contract claims in *Hoang II* are precluded by the doctrine of claim preclusion. First, Judge Guzman issued a final ruling in *Hoang I*. Second, there is an identity of the parties in the two cases. In both cases, Hoang is the plaintiff, and Abbott and various employees or former employees are the defendants. *See Henry v. Farmer City State Bank*, 808

F.2d 1228, 1235 n.6 (7th Cir. 1986) (holding that directors, officers, and employees were in privity with their employer as co-defendants for claim preclusion purposes). Finally, there is identity of the causes of action. This element is satisfied if both claims are based on "the same core of operative facts." *Brzostowski*, 49 F.3d at 339 (quotation omitted). The breach of contract allegations in *Hoang II* are based on the same set of allegations that formed part of the discrimination and harassment claims that Hoang made in *Hoang I*, specifically, her allegations that a supervisor improperly reviewed her and that Abbott employees restrained her in an office on two occasions, preventing her from "inventing." *See id.* at 338-39 (holding that ADEA violation and breach of employment contract were same claim for claim preclusion purposes); *Cole v. Bd. of Trs. of Univ. of Ill.*, 497 F.3d 770, 773 (7th Cir. 2007) (finding identity of causes of action when two complaints alleged same series of wrongdoing).

The doctrine of claim preclusion also bars Hoang's unjust enrichment claims that she has asserted in *Hoang II*. As discussed earlier, there is identity of parties, as well as a final judgment on the merits in the earlier case. There is also identity of the causes of action, because the same operative facts give rise to both the claims in *Hoang I* and the unjust enrichment claims in *Hoang II*. In *Hoang II*, the unjust enrichment claims are based on a series of events in which particular Abbott employees received awards and other benefits after allegedly stealing Hoang's ideas. In *Hoang I*, Hoang's allegations of discrimination were based largely on defendants' extensive efforts to make her working conditions unbearable and steal her ideas for their own benefit.

In any event, summary judgment would be appropriate on two of the four unjust enrichment claims in this case, as they clearly allege claims barred by the statute of limitations. *See Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 742, 648 N.E.2d 1060, 1063 (1995) (holding five-year limitations period for unjust enrichment claims). The unjust enrichment claims found in paragraphs three and six of the amended complaint are based on events that occurred in 1999, nine years before the current case was filed.

Defendants also argue that the doctrine of claim preclusion bars at least one of Hoang's patent-related claims, concerning US. Patent No. 6,667,338 (the '338 patent). The Court disagrees. Hoang's claim regarding the '338 patent does not arise from the same operative facts as her claims in *Hoang I*. It appears that Hoang's claim in this case is that the inventorship on the '338 patent should be corrected to include her. That claim would be based on work she did leading to the issuance of the patent. By contrast, issuance of an incorrect patent was not the factual basis for the claims that Hoang made in *Hoang I*. Moreover, the '338 patent did not issue until December 23, 2003 – nearly two years after she was terminated, and after *Hoang I* was filed. *See Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n.1 (Fed Cir. 2004) (noting that inventorship can only be challenged for issued patents, not patent applications).

In her response brief, Hoang argues that she did not raise patent-related claims in *Hoang I* because her court-appointed attorneys were not patent lawyers, were unable to assist her in filing patent claims, and had conflicts of interest that precluded them from bringing patent-related claims against Abbott. Though the Court finds that

5

Hoang's contention has arguable merit, the Court need not decide that point definitively, in light of the finding that the doctrine of claim preclusion does not bar the patent-related claims in *Hoang II*.

Defendants argue, in the alternative, that all of Hoang's patent-related claims should be dismissed because Hoang has not described sufficiently the basis for those claims. It is the Court's duty to "liberally construe *pro se* complaints, however inartfully pleaded." *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993). Paragraphs one and two of Hoang's amended complaint do not spell out clearly what sort of claims Hoang is attempting to assert. However, from the language Hoang uses in these paragraphs, there are two possibilities. The first possibility is that Hoang is claiming the three patents she identifies should be modified to give her inventorship credit. Such a claim is actionable in this Court pursuant to 35 U.S.C. § 256. *See Eli Lilly & Co.*, 376 F.3d at 1358. If this is her intent, Hoang needs to identify, by patent number, each patent on which she claims to be an inventor. Additionally, if Hoang claims that Abbott has infringed patent rights that she claims to hold, she should say this clearly and should describe the basis for such a claim.

Second, it is possible that Hoang is attempting to seek a declaration by the Court of her rights with respect to the three patents. An example might be if Abbott had sent Hoang notice that she was infringing on one of Abbott's patents and she intended to continue the same activities (there may be other possibilities, but the Court will leave it to Hoang, in the first instance, to spell out what she claims). If this is what Hoang contends, then she would need to allege that defendants have asserted rights under a patent that will interfere with Hoang's ongoing or planned activities and that she is

entitled to engage in those activities without license. *Benitec Austl., Ltd. v. Nucleonics, Inc.* 495 F.3d 1340, 1344 (Fed. Cir. 2007).

So that the Court and the defendants will have a better idea of the sort of patent-related claims Hoang intends to pursue, the Court directs her to file a supplement to her complaint, spelling out, as the Court has indicated, the patent-related claims she intends to assert in paragraphs one and two of her current complaint.

**Conclusion**

To summarize, the Court grants summary judgment in favor of defendants on Hoang's claims for breach of contract and unjust enrichment (paragraphs 3-8 of the amended complaint). The motion is otherwise denied [docket no. 26]. Hoang is directed to file with the Clerk, by November 20, 2008, a supplement to the patent claims asserted in paragraphs one and two of her amended complaint, spelling out, consistent with the Court's comments in this decision, the basis or bases for those claims. This matter is set for status on November 24, 2008, at 9:30 a.m., at which time the Court will consider Hoang's motion for the appointment of counsel.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 6, 2008