**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | |
|---|---|
| **DIEP X. HOANG** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 08 CV 189** |
| ) | |
| **ABBOTT LABORATORIES, et al.,** ) | **Judge Matthew F. Kennelly** |
| ) | |
| **Defendants.** ) | **Magistrate Judge Ashman** |
| ) | |
| ) | |
| ) | |

**DEFENDANTS' FACT DISCOVERY PLAN AND**
**INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to this Court's Order of January 21, 2009 to submit a fact discovery plan, and pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants hereby make the following statements and initial disclosures based on information reasonably available to them at this time and without prejudice to their rights to supplement these disclosures as discovery continues and to produce, during core discovery or at trial, additional information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose or (iii) subsequently discovered to have been omitted from these disclosures. Defendants expressly reserve all objections relative to the use, for any purpose, of these initial disclosures or of any information or document referenced herein.

1

**I.     CASE PLAN**

Defendants respectfully submit the following case plan in anticipation of the status hearing currently scheduled for March 11, 2009.

   **A.     Motion for Judgment on the Pleadings**

      **1.     Employee / Former Employee Defendants**

In addition to Abbott Laboratories, Plaintiff names as defendants ten current or former employees of Abbott. But whatever claims Plaintiff makes are limited to seeking a correction of inventorship on three U.S. Patents, and seeking damages allegedly caused because "Abbott has infringed plaintiff's patent rights." (Dkt. #47, ¶¶ 1-3.) These "inventorship" and patent-based allegations – which Defendants deny – do not relate to the employee defendants in any way. Plaintiff has not alleged and cannot prove any set of facts that could support a claim against these employee defendants, and the claims should be dismissed as to that group. *Bannon v. Univ. of Chicago*, 503 F.3d 623, 628 (7th Cir. 2007) (a motion for judgment on the pleadings should be granted "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved").

      **2.     Abbott Laboratories**

Defendants also submit that Plaintiff has not alleged and cannot prove any set of facts that could support her claim of "inventorship" or damages with respect to any Defendant, including Abbott. As to her claims regarding the '198 and '369 patents (Dkt. #47, ¶¶ 2, 3), to the extent Defendants understand them, Plaintiff appears to allege that these patents do not disclose or claim her contributions. She thus claims that the patent should be amended to (1) include her alleged contributions and (2) subsequently list her as an inventor. In other words, Plaintiff has

admitted in her pleadings that she is *not* an inventor of the claimed subject matter of those patents. She thus has no claim based in the Patent Act or anywhere else for correction of inventorship.

Of course, even if Plaintiff did "invent" anything, she previously assigned all rights in any such inventions to Abbott. The relevant employment agreement with Abbott states clearly that "[a]ll…inventions…which [Plaintiff] may invent, discover, originate, or conceive during the term of employment with ABBOTT…shall be the sole and exclusive property of ABBOTT," and that Plaintiff "shall assign to ABBOTT [Plaintiff's] entire right, title and interest to any of the…inventions…." The effect of this assignment on all of Plaintiffs claims, (Dkt. #47, ¶¶ 1-3), is that she has alleged no compensable damages. This Court therefore lacks jurisdiction to hear these claims, and they should be dismissed.

Defendants therefore seek, with the Court's leave, to submit a motion for judgment on the pleadings pursuant to Federal Rule 12(c) in favor of all defendants. Defendants propose that this motion be submitted on or before April 8, 2009; that responsive papers be filed on or before May 6, 2009; that reply papers be filed on or before May 20, 2009; and that any hearing be held before May 29, 2009.

### B. FACT DISCOVERY

Should the Court deny the relief sought in Defendants' motion for judgment on the pleadings, Defendants submit that fact discovery should then begin, and should be completed within three months of the Court's judgment on Defendants' Rule 12(c) motion.

Defendants also request that they be permitted to file motions for summary judgment on all claims upon the close of fact discovery.

## II. DISCLOSURES PURSUANT TO FEDERAL RULE 26(a)(1)

**A.** **Rule 26(a)(1)(A)(i).** **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Based on the information available at the present time and without waiving the qualifications and conditions set forth above, Defendants identify those individuals who are likely to have information that they may use to support their claims or defenses, unless solely for impeachment, and the subject matter(s) of that knowledge:

| Name | Subject Matter |
|---|---|
| Diep X. Hoang<br>2454 West Gunnison Street<br>Chicago, IL 60625 | Information concerning the lack of any involvement by Diep Hoang in the subject matter disclosed, claimed in or related to U.S. Patent Nos. 6,667,338, 6,608,198, and 6,864,369; knowledge of the transfer of any and all intellectual property rights by Diep Hoang to Abbott Laboratories. |
| Stevan Djuric<br>100 Abbott Park Road<br>Abbott Park, IL, 60064-3500 | Inventor on U.S. Patent No. 6,667,338. Knowledge concerning the subject matter of U.S. Patent No. 6,667,338, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent No. 6,667,338. |
| Sanjay Chemburkar<br>100 Abbott Park Road<br>Abbott Park, IL, 60064-3500 | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |

| Name | Subject Matter |
|---|---|
| Stephen Crowley<br>100 Abbott Park Road<br>Abbott Park, IL, 60064-3500 | Knowledge concerning the prosecution of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |
| Zhenkun Ma | Inventor on U.S. Patent No. 6,667,338; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent No. 6,667,338, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent No. 6,667,338. |
| Ly Tam Pham | Inventor on U.S. Patent No. 6,667,338; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent No. 6,667,338, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent No. 6,667,338. |
| Suoming Zhang | Inventor on U.S. Patent No. 6,667,338; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent No. 6,667,338, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent No. 6,667,338. |
| Daniel Dickman | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |

| Name | Subject Matter |
|---|---|
| James Fort | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |
| Rodger Henry | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |
| David Lechuga-Ballestros | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |
| Yuping Niu | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |

| Name | Subject Matter |
|---|---|
| William Porter | Inventor on U.S. Patent Nos. 6,608,198 and 6,864,369; former Abbott employee. Knowledge concerning the subject matter of U.S. Patent Nos. 6,608,198 and 6,864,369, the inventions and technology disclosed therein, and the inventors thereof; knowledge of the lack of any involvement by Diep Hoang in the work disclosed, claimed in or related to U.S. Patent Nos. 6,608,198 and 6,864,369. |

Defendants have prepared these disclosures based upon currently available information, and do not waive their right to object, in accordance with applicable Federal Rules and the Local Rules of this Court, to the specific testimony of any individual referenced herein, to conduct discovery of persons not listed in these disclosures (or in Plaintiff's fact discovery plan or as otherwise disclosed by Plaintiff) with respect to relevant issues, or to conduct discovery of any person listed with respect to additional subject matters. In addition, Defendants further identify individuals identified in response to any interrogatories served on them (which are incorporated herein by reference) with respect to particular topics and/or subject matter. Furthermore, all persons identified as present or former employees of Abbott Laboratories, or identified as inventors of the patents at issue, should be contacted in connection with this action solely through the undersigned counsel for Abbott Laboratories.

    **B.**     **Rule 26(a)(1)(A)(ii). A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to the statements made in the paragraph above, Defendants identify the following categories and locations of documents, electronically stored information and tangible things in

7

their possession, custody or control that they may use to support their claims, unless solely for impeachment:

    1.    United States Patent Nos. 6,667,338, 6,608,198, and 6,864,369, and the file histories of these patents;

    2.    Documents related to Diep Hoang's transfer of rights in any inventions to Abbott Laboratories, including the Employment Agreements dated August 4, 1993 and October 13, 1997;

    3.    Documents relating to the conception, reduction to practice, invention and prosecution of the subject matter claimed and disclosed in U.S. Patent Nos. 6,667,338, 6,608,198, and 6,864,369.

Defendants' documents are located at 100 Abbott Park Road, Abbott Park, Illinois, 60064-3500.

    **C.**    **Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

None.

    **D.**    **Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Dated: March 4, 2009

Respectfully Submitted,

Abbott Laboratories, Katerhine Green, Kenneth Wilson, Maurizio Acquasaliente, Stephen Montgomery, Zhenkun Ma, Ly Tam Phan, Suoming Zhang, Stevan Djuric, Yat Sun Or, Sanjay Chemburkar

By:_____/s/ Kevin E. Warner_____
     One of their attorneys

     James F. Hurst
     Derek J. Sarafa
     Kevin E. Warner
     WINSTON & STRAWN LLP
     35 West Wacker Drive
     Chicago, IL 60601
     (312) 558-5600
     (312) 558-5700 - fax

     Attorneys for Defendants.

## **CERTIFICATE OF SERVICE**

I, Kevin E. Warner, an attorney, hereby certify that on March 4, 2009, I caused a true and complete copy of the foregoing **DEFENDANTS' FACT DISCOVERY PLAN AND INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**, to be served via e-mail and U.S. Mail to the following.

>Diep X. Hoang
>2454 West Gunnison Street
>Chicago, IL 60625
>dxh_07@yahoo.com

>s/ Kevin E. Warner\_\_\_
>Kevin E. Warner