IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIEP X. HOANG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08 C 189 |
| ABBOTT LABORATORIES, KATHERINE, GREEN, KENNETH A. WILSON, MAURIZIO ACQUASALINETE, STEPHEN MONTOMGERY, ZHENKUN MA, LY TAM PHAN, SUOMING ZHANG, STEVAN W. DJURIC, YAT SUN OR, and SANJAY CHEMBURKAR, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Diep X. Hoang filed a *pro se* suit against Abbott Laboratories (Abbott) and a number of current and former Abbott employees for patent infringement and to correct the inventorship listed on three patents.[1] Defendants have moved for summary judgment on all claims. For the reasons set forth below, the Court grants defendants' motion.

### Facts

Because defendants have moved for summary judgment, the Court views the

---

[1] On November 6, 2008, the Court dismissed Hoang's non-patent claims. *See Hoang v. Abbott Labs.*, No. 08 C 189, 2008 WL 4852973 (N.D. Ill. Nov. 6, 2008).

facts in the light most favorable to Hoang and draws reasonable inferences in her favor. *See, e.g., Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

Abbott employed Hoang from 1993 until 2002. The individual defendants are current or former Abbott employees. Hoang and Abbott entered into two written employment agreements while she was employed at Abbott. The first agreement, executed on August 4, 1993, provided:

> 3. All discoveries, inventions, improvements, software and innovations, whether patentable, copyrightable or not (including all data and records pertaining thereto) which EMPLOYEE may invent, discover, originate, or conceive during the term of employment with ABBOTT, and which in any way relate to or are or may be useful in connection with the business of ABBOTT, shall be the sole and exclusive property of ABBOTT. EMPLOYEE shall promptly and fully disclose each and all such discoveries, inventions, improvements, software or innovations to ABBOTT.
>
> 4. EMPLOYEE shall assign to ABBOTT EMPLOYEE's entire right, title, and interest to any of the discoveries, inventions, improvements, software and innovations described in Paragraph 3 of this Agreement and any related U.S. or foreign patents, patent applications and copyrights; shall execute any instruments considered necessary by ABBOTT to convey or perfect ABBOTT's ownership thereof; and shall assist ABBOTT in obtaining, defending and enforcing its rights therein . . . .

Defs.' Rule 56.1 Statement, Ex. B ¶¶ 3-4. The second agreement, executed in October 1997, contained substantially similar language. Abbott contends that it never entered into any other agreements with Hoang. Hoang denies that contention, but she has not provided any evidence to support her denial.

Hoang contends that defendants have violated her rights with respect to three patents, U.S. Patent Nos. 6,667,338 (the '338 patent), 6,608,198 (the '198 patent), and 6,864,369 (the '369 patent). With respect to all three patents, Hoang contends that

2

"Abbott has infringed [her] patent rights." Pl.'s Supplement To Patent Claims ¶¶ 1-3.[2] She also seeks to have the inventorship listed on the three patents amended to include her name. Hoang stated in her amended complaint that "all ideas and inventions of Diep Hoang should be patented and published due to Diep Hoang's reputational interest as a scientist." Pl.'s Mot. for Leave to File Am. Inventions Compl. ¶ 10.

## Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, the Court must view the record in the light most favorable to the nonmoving party and draw reasonable inferences in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In response to defendants' motion, Hoang filed two documents, a response to defendants' Local Rule 56.1 statement (without any supporting exhibits) and an affidavit containing four exhibits. Her failure to file a response brief does not mean that defendants' motion automatically carries the day. Defendants must still establish that

---

[2]Hoang filed a supplement to her complaint setting forth her patent claims in greater detail pursuant to the Court's order granting in part and denying in part defendants' motion to dismiss. *Hoang*, 2008 WL 4852973, at *4.

they are entitled to judgment as a matter of law based on the uncontroverted facts. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). As required by the Seventh Circuit and this District's local rules, defendants sent notice to Hoang regarding how to respond to a motion for summary judgment because she is acting *pro se*.

Hoang's claim that Abbott has infringed on her rights with respect to all three patents fails as a matter of law. As detailed above, Abbott is the assignee of all three patents pursuant to the agreements Hoang signed. To the extent Hoang can claim any credit for developing the patents, that claim is based on research and work she performed in her capacity as an Abbott employee. Hoang assigned Abbott any interest she may have had in any such patents. The written employment agreements Hoang executed could not be clearer in this regard. "A grant of all substantial rights in a patent amounts to an assignment – that is, a transfer of title in the patent – which confers constitutional standing on the assignee to sue another for patent infringement in its own name." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001). Hoang cannot sue Abbott for patent infringement with respect to patents that she assigned to Abbott. Indeed, only Abbott could sue for infringement with respect to those patents.

Defendants also argue they are entitled to summary judgment on Hoang's claim seeking to have all three patents amended to name her as an inventor. Section 256 of the Patent Act provides:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the

> Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issued a certificate correcting such error.

35 U.S.C. § 256. "A person who alleges that he is a co-inventor of the invention in an issued patent who was not listed as an inventor on the patent may bring a cause of action to correct inventorship in a district court under" section 256. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n.1 (Fed. Cir. 2004).

The fact that a plaintiff contends she is entitled to be listed as a co-inventor on a patent is not sufficient, on its own, to confer constitutional standing to sue under section 256. *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001). Rather, "she must show that she has suffered an injury-in-fact, that the injury is traceable to the conduct complained of," and that a court can provide a remedy for that injury. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In *Chou*, the Federal Circuit considered, for the first time, "whether a putative inventor who is obligated to assign her invention to another is entitled to sue for correction of inventorship under § 256." *Id.* at 1358. The court concluded that Chou had standing to bring such a claim because she had a "concrete financial interest in the patent" based on a university policy under which inventors were entitled to receive a set percentage of royalties from patents and stock in new companies created as a result of their patented inventions. *Id.* at 1353, 1359. In the current case, Hoang has presented no evidence that she has a direct financial interest in any of the three patents. Rather, defendants' uncontroverted evidence demonstrates that Hoang assigned any such interest to Abbott.

In their motion papers, defendants did not address dicta in *Chou* that arguably could save Hoang's claim. Chou contended she had a reputational interest in being listed as a co-inventor of a patent and that such an interest alone was sufficient to confer standing to sue under section 256. *Id.* at 1359. Discussing Chou's argument, the Federal Circuit stated that it was "not implausible. After all, being considered an inventor of important subject matter is a mark of success in one's field, comparable to being an author of an important scientific paper. Pecuniary consequences may well flow from being designated as an inventor." *Id.* The court declined, however, to rule on whether reputational injury alone would suffice to confer standing to bring a section 256 claim, because it concluded Chou had a direct financial interest in the patent. *Id.* More recently, the Federal Circuit again noted this issue but declined to rule on it because the plaintiff in that case "claim[ed] no reputational injury." *Larson v. Correct Craft, Inc.*, --- F.3d ---, 2009 WL 1564473, at *7-8 (Fed. Cir. June 5, 2009).

Following *Chou*, few district courts have addressed whether a reputational interest alone is sufficient to confer standing to bring a section 256 claim. Without reaching this question, one court ruled against a plaintiff alleging standing to sue under section 256 based on a reputational interest because the plaintiff failed to offer specific evidence to support that claim. *Cole v. Gummow*, No. 02 CV 0705, 2003 WL 22455387, at *3 (N.D. Tex. Oct. 22, 2003) ("Beyond his bald assertion that 'I have a reputation interest as inventor' . . . there is nothing in the record to support such a conclusion. Plaintiff's say-so is hardly sufficient to carry his burden of proof"); *see also Barnette v. Dicello*, No. 06 CV 0784, 2007 WL 3355566, at *4-5 (N.D. Ohio Nov. 9,

6

2007).

Similarly, one court determined that a plaintiff had standing to assert a claim under section 256 for alleged harm to his reputation. *Czarnik v. Illumina, Inc.*, 437 F. Supp. 2d 252, 256-57 (D. Del. 2006). In *Czarnik*, the plaintiff alleged that he had "been unable to secure a position at a start-up company and earn a salary comparable to his salary at Illumina" due to the fact that he was not listed as an inventor on an important patent. *Id.* The court noted, however, that "[i]f this case proceeds to summary judgment, Plaintiff will be required to set forth by affidavit or other evidence specific facts establishing standing." *Id.* at 256 n.2 (internal quotation marks omitted).

There is no controlling authority regarding whether an injury to reputation is sufficient to confer standing to bring an action pursuant to section 256. At most, the Federal Circuit has stated that such a claim is "not implausible." There is also a paucity of trial court decisions addressing this issue. The Court need not, however, decide this question in order to rule on Abbott's motion. Even if Hoang could establish standing to bring a section 256 based solely on an injury to her reputation, her claim in this lawsuit fails as a matter of law because she had provided no evidence from which a reasonable finding could be made that her reputation has been injured. Rather, she made only a single, general reference in her amended complaint to her reputation as a scientist. Unlike the plaintiff in *Czarnik*, Hoang has not even alleged that she lost employment opportunities due to her omission from the three patents, and she has provided no evidence at all, by affidavit or otherwise, of such an injury. *See id.* at 256 & n.2; *Cole*, 2003 WL 22455387, at *3; *see also* Fed. R. Civ. P. 56(e)(2) (party opposing properly

7

supported motion for summary judgment may not rely solely on her complaint). Accordingly, defendants are entitled to summary judgment on Hoang's section 256 claims.

Finally, the last paragraph of the affidavit Hoang submitted in opposition to defendants' motion states that "critical evidence in support of [her] allegations" has not yet been produced through discovery. Affidavit of Diep Hoang ¶ 7. The Court construes this statement as a request for discovery pursuant to Rule 56(f). But "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 658 (7th Cir. 2006). A Rule 56(f) request is appropriately denied if the requested discovery could not affect the outcome of a summary judgment motion. *See id.*; *see also Kim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) ("If it appears that further discovery will not produce evidence creating a genuine issue of material fact, the district court may, in the exercise of its discretion, grant summary judgment.").

In her affidavit, Hoang contends that she needs work papers she created at Abbott regarding the '198 and '369 patents in order to respond to defendants' motion. Even if those papers were produced, they would not affect the arguments upon which the Court has based its decision to grant defendants' motion for summary judgment. Regardless of what those documents indicate about who made the discoveries that led to the three patents, Hoang still assigned any interest she had in those patents to Abbott, and Hoang has adduced no evidence to support her standing to bring a section 256 claim. Permitting discovery would not and could not alter these conclusions.

**Conclusion**

For the reasons set forth above, the Court grants defendants' motion for summary judgment [# 63]. All other pending motions are terminated as moot [# 80, 82, 84]. The ruling date of June 15, 2009 is vacated. The Clerk is directed to enter judgment in favor of defendants.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 12, 2009